## C. L. CUMMINS v. STATE.

No. A-803.   Opinion Filed September 23, 1911.

(117 Pac. 1099.)

1.   **OBSTRUCTING JUSTICE—Resisting Officer—Evidence.** In order to sustain a charge of resisting an officer in the discharge of his official duty by forcibly attempting to take away property levied upon under a civil warrant, it is necessary for the proof to show some act of aggression on the part of the accused from which the court and jury can reasonably infer forcible resistance or interference with the execution of such warrant.

2.   **TRIAL—Direction of Verdict—Insufficiency of Evidence.** When, in the trial of a criminal cause, there is no proof produced which tends reasonably to sustain the charge, it is the duty of the court to advise the jury to return a verdict in favor of the accused.

3.   **APPEAL AND ERROR — Insufficiency of Evidence — Reversal.** When an appeal is taken to this court, and the record shows that

no offense was committed and the prosecution is unjust, the cause will be reversed and remanded, with directions to dismiss.

(Syllabus by the Court.)

*Appeal from Kingfisher County Court; John M. Graham, Judge.*

C. L. Cummins was convicted of resisting an officer, and appeals. Reversed and dismissed.

*Blair & Shutler,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Plaintiff in error was prosecuted by information in the county court of Kingfisher county on a charge of unlawfully and wilfully resisting an officer in the discharge of his official duty by forcibly attempting to take away property levied on by said officer under a tax warrant, and was convicted, and sentenced to pay a fine of $150. The proof shows that the plaintiff in error is a farmer living near Kiel, in Kingfisher county, and that he failed to pay his taxes for the years 1907 and 1908. Two tax warrants were issued for the amounts due, which were $2.72 for the 1907 taxes, and $2.98 for the 1908 taxes, and placed in the hands of the sheriff of Kingfisher county for collection. Undersheriff Isaac Hawkins was sent out on the 13th of January, 1910, to collect the same, and took with him a man named Moore. They met the plaintiff in error in the afternoon of the 13th about 300 yards from his home, returning from Kiel driving a team of mules to a light wagon. He stopped and the officer started to read the tax warrants, whereupon plaintiff in error advised him that he had no money with which to pay the taxes, according to the officer's contention, and there was no use to read them. According to the contention of plaintiff in error, he said that he had no money with him, but told the officer to come on to the house and he would pay it. He started to drive away, whereupon the officer took hold of the team and declared a levy upon them. Some words passed. Plaintiff in error got out of the wagon and started to leave, going towards home, whereupon Hawkins directed Moore to take charge of him. When

Moore took hold of plaintiff in error, the officers contend that he endeavored to strike him. He denies this. Hawkins walked up and struck him with a heavy pistol over the eye, knocking him against the wagon wheel, and causing the blood to flow freely. They then tied his hands with a leather strap, and started away with him and the team. After they reached Kiel, plaintiff in error removed the strap from his wrists, whereupon the officers tied them behind him, carried him on to Kingfisher, and put him in jail.

The officers had no warrant for the arrest of plaintiff in error, and appear to have taken charge of him without provocation or authority, and assaulted him and beat him up unnecessarily when he was leaving the scene of the levy. Plaintiff in error is not charged with resisting arrest, but with forcibly attempting, by violence, to take away property levied upon. There is not a line of proof in this record on the part of the state to justify such a charge. The whole conduct of the officers involved in this transaction is very reprehensible. An officer in the discharge of his official duty is entitled to all the protection of the law, but he has no lawful right to assault, insult, and beat up a citizen out of malice as the circumstances in this case indicate was done. One who is an officer charged with a public duty should be more severely dealt with for such conduct than an ordinary citizen would be for the same grade of law infraction. In the first place, it is unreasonable for a sensible officer to levy on a mule team to satisfy an execution for less than $6. The action of the officers in assaulting and arresting plaintiff in error after having made the unreasonable levy cannot be justified upon any theory under this record. If anybody violated the law and subjected themselves to prosecution, it was the officers, and not him. According to their own testimony, they assaulted the plaintiff in error, arrested him without authority of law, and confined him in jail without the slightest justification, without a warrant, and without commitment from any court. Such unreasonable conduct cannot be tolerated.

In order to sustain a charge of resisting an officer in the discharge of his official duty by forcibly attempting to take away property levied on under a civil warrant, it is necessary for the proof to show some act of aggression on the part of the accused from which the court and jury can reasonably infer forcible resistance or interference with the execution of such warrant, and, when there is no such proof, the trial court should advise the jury to return a verdict in favor of the person on trial. An unjust prosecution of a citizen of this state should not be permitted by the officers of the law, and, when the record on appeal shows that the accused committed no offense under the facts proved, and that the prosecution is unjust, this court will reverse and remand a judgment of conviction, with directions to dismiss the cause.

The judgment of the trial court is reversed and remanded, with directions to dismiss.

FURMAN, P. J., and DOYLE, J., concur.