## MOSE CAIDO v. STATE.

No. A-623.    Opinion Filed April 10, 1912.

(122 Pac. 734.)

1.    **LARCENY—Indictment—Sufficiency.**    In a prosecution for larceny of a domestic animal, an information which charges that the defendant ''unlawfully, fraudulently, stealthily, and feloniously did take, steal, and carry away from the possession of the owner'' certain personal property, ''without the knowledge or consent of the owner, and with the felonious intent to deprive the owner thereof, and with the intent to convert the same to the use of the taker,'' sufficiently charges a felonious intent to convert the same to his (the taker's) own use.

2.    **TRIAL—Directing Verdict.**    Where there is evidence tending to prove that the defendant. committed the offense charged in the information, it is not error for the court to overrule a motion at the close of the evidence, requesting the court to advise the jury to acquit the defendant on the ground that the evidence is insufficient to warrant a conviction.

(Syllabus by the Court.)

*Appeal from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Mose Caido was convicted of larceny, and appeals.    Affirmed.

*C. B. Conner* and *W. A. Huser,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.    The plaintiff in error was tried, convicted, and sentenced to serve a term of thirteen months' imprisonment in the state penitentiary on an information, the charging part of which reads as follows:

"That within said county of Okfuskee and state of Oklahoma, on the 6th day of April, 1909, one Mose Caido unlawfully, fraudulently, stealthily, and feloniously did take, steal and carry away from the possession of the owner, Chas. Puffin, one domestic animal, to wit. one two-year-old heifer calf, without the

knowledge or consent of him, the said Chas. Puffin, and with the felonious intent of him, the said Mose Caido, to deprive the owner thereof, and with the intent to convert the same to the use of him, the said Mose Caido, contrary to," etc.

There are but two alleged errors relied on for a reversal in this case. First, that the court erred in overruling the demurrer to the information. It is insisted by the defendant's counsel that the information is fatally defective in that it does not charge that the animal was taken with the felonious intent to convert the same to the use of the taker.

We are of opinion that the information in this case sufficiently alleges the unlawful and felonious intent to deprive the owner of the property, and with the felonious intent to convert the same to the taker's own use. *Barbe v. Territory*, 16 Okla. 562, 86 Pac. 61; *Crowell v. State*, 6 Okla. Cr. 148, 117 Pac. 883.

At the close of the state's evidence, the defendant entered a demurrer to the evidence and moved the court to direct the jury to return a verdict of not guilty, which was overruled and denied by the court, and the ruling of the court is assigned as error. This assignment is without merit.

The sufficiency of the evidence to show the commission of the crime and the guilt of the defendant is not a question in the discretion of the court. If there is any evidence tending to prove that the defendant had committed the crime charged in the information, it is not error for the court to overrule a demurrer thereto or to deny the defendant's request to advise the jury to acquit on the ground that the evidence is insufficient to warrant a conviction.

This court will not review the evidence in a case for the purpose of passing upon the weight and credibility of the evidence. We are clearly of the opinion that the defendant had an impartial trial.

The judgment of the district court of Okfuskee county is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.