## ED McKEEHEN v. STATE.

No. A-2130.    Opinion Filed April 24, 1915.

(147 Pac. 784.)

1.    **INDICTMENT AND INFORMATION—Duplicity—Larceny.** In a prosecution for the larceny of domestic animals, the indictment held not to be subject to the charge of being duplicitous.

2.    **TRIAL—Refusal of Instructions Covered.** Where the charge of the court fairly and fully presented the issues in the case to be jury, it is not error to refuse to give requested instructions.

(Syllabus by the Court.)

*Appeal from District Court, Marshall County;*
*Thos. D. McKeown, Assigned Judge.*

Ed McKeehen was convicted of the larceny of live stock, and appeals. Affirmed.

*Stephen C. Treadwell,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty Gen., for the State.

DOYLE, P. J.    The plaintiff in error was convicted of the larceny of two heifers, and his punishment fixed at imprisonment for a term of three years in the penitentiary. From the judgment rendered on the 16th day of May, 1913, in pursuance of the jury's verdict, he has appealed to this court. The indictment charged that:

"One Ed McKeehen did feloniously, by fraud and stealth, take, steal, and carry away, from the lawful possession of C. P. Swinney and without the consent of the said C. P. Swinney, two domestic animals, to wit, two heifers, the personal property of the said C. P. Swinney, with the felonious intent of him, the said Ed McKeehen, then and there to appropriate the same to his own use and to deprive the true owner thereof, contrary to," etc.

The overruling of the defendant's demurrer to this indictment is the first error assigned. Counsel for the defendant con-

tends that in alleging the larceny to have been committed "by fraud and stealth," and also alleging, "to deprive the true owner thereof," makes the indictment bad for duplicity. We do not think that this contention is tenable. Under our statute it is only necessary to allege in an indictment or information the facts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended and the court to pronounce judgment according to law on a conviction. In a prosecution of this character the indictment is predicated upon the statute defining the crime of larceny of domestic animals, and the indictment here charges all the essentials of the statutory offense; that is, the ownership of the animals stolen and the felonious intent on the part of the taker to deprive the owner thereof and to convert the same to his, the taker's, own use. *Crowell v. State,* 6 Okla. Cr. 148, 117 Pac. 883; *Caido v. State,* 7 Okla. Cr. 139, 122 Pac. 734; *Bayless v. State,* 9 Okla. Cr. 27, 130 Pac. 520. The indictment does not, in any manner, charge the crime of grand larceny, for no value of the property is alleged. The words "by fraud and stealth" do not make it duplicitous and in no way affect its sufficiency.

Several assignments are based upon the instructions given, and the refusal of the court to give requested instructions. Not a single authority is cited supporting these assignments. Our examination discloses there is nothing substantial in them. The requested instructions were properly refused, and the charge given by the court fairly and fully presented the issues in the case to the jury. There appears to be sufficient testimony to support the verdict, and, no error being found, the judgment is affirmed.

FURMAN and ARMSTRONG, JJ., concur.