## CARL BRADLEY v. STATE.

No. A-7208. Opinion Filed July 20, 1929.
(279 Pac. 920.)

Allen & Grigsby, Ben F. Williams, and Sam S. Harlan, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Cleveland county of the crime of larceny of chickens in the nighttime, and his punishment fixed at imprisonment in the state penitentiary for four years. Motion for new trial was filed, overruled, and exceptions saved, and the cause is now on appeal in this court.

The defendant complains that the court erred in refusing to sustain the demurrer of the defendant to the state's evidence. There is really no such thing as a demurrer to the evidence in a criminal case in Oklahoma. When the state rests, if the defendant thinks the evidence is insufficient to sustain a conviction, he should request the court to advise the jury to return a verdict of not guilty. When there is any competent evidence tending to prove that the defendant committed the offense charged, it is not error for the court to overrule such motion. Caido v. State, 7 Okla. Cr. 139, 122 Pac. 734; Teague v. State, 13 Okla. Cr. 270, 163 Pac. 954; Nail v. State, 18 Okla. Cr. 40, 192 Pac. 592.

The defendant next urges that there was not sufficient corroboration of the evidence of the accomplice, Alma Haggy. Section 2701, Comp. St. 1921, provides:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

In the case of Moody v. State, 13 Okla. Cr. 327, 164 Pac. 676, pars. 1, 2, and 3 of the syllabus, this court said:

"Evidence corroborative of an accomplice need not directly connect the defendant with the commission of the crime; it is sufficient if it tends to connect him with its commission.

"Evidence corroborating an accomplice and tending to connect the defendant with the commission of the crime need not be direct, but may be circumstantial only.

"It is not essential that the corroborating evidence shall cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty. If the accomplice is corroborated as to some material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all. Such corroborating evidence, however, must show more than the mere commission of the offense or the circumstances thereof."

There being sufficient evidence in the record corroborating the testimony of the accomplice, the cause was properly submitted to the jury. An examination of the entire record leads the court to believe that the punishment is excessive under all the circumstances, and that the ends of justice will be served by reducing the punishment from four years in the penitentiary to two years in the penitentiary.

The judgment is therefore modified, and the punishment fixed at imprisonment for two years in the state penitentiary, and, as modified, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.