Aaron Samuel JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–815.

Court of Criminal Appeals of Oklahoma.

May 19, 1977.

John T. Elliott, Public Defender, Oklahoma County, John M. Stuart, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellee.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Catherine Gatchell Naifeh, Legal Intern, for appellee.

OPINION

BLISS, Judge:

Appellant, Aaron Samuel Johnson, hereinafter referred to as defendant, was conjointly charged with one Grady Harris for the offense of Uttering a Forged Instrument, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1592, in the District Court, Oklahoma County, Case No. CRF–75–4481. Upon trial by jury he was found guilty and sentenced to a term of imprisonment of twelve (12) years. From said judgment and sentence a timely appeal has been perfected to this Court.

At trial, it was stipulated that on the basis of preliminary testimony, Becky Green would testify, if present, that she at no time gave anyone permission to take from her possession or permission to endorse her name on a check dated 26 September, 1975, drawn upon the First National Bank and Trust Company of Oklahoma City, Oklahoma, payable to the order of one Becky Green, or permission to cash said check.

The State's evidence established that on November 24, 1975, the defendant and co-defendant drove up to the teller window at the First National Bank and Trust Company in Oklahoma City. Georgia Hodges was the bank employee on duty. Grady Harris, co-defendant and driver of the automobile, presented the aforesaid check for payment with a purported signature of Becky Green and endorsement and her social security number under the endorsement and also reflecting a subsequent endorsement of the co-defendant. Hodges inquired of the co-defendant as to the identity of Becky Green, and co-defendant responded that she was his sister. The defendant was in the car driven by co-defendant and sat on the passenger's side. The defendant made no statement heard by the teller or any other bank personnel. A computer verification was run on the check and created a delay in the processing of the check. After a short wait the defendant exited the car and walked down the street. The computer verification revealed the check was stolen and the authorities were summoned, arresting co-defendant Harris at the scene.

Namoia Burd, Hodges' supervisor, substantiated the testimony of Hodges in the matters set out above.

John S. Gustin, an Oklahoma City Police Officer, testified that he arrested the defendant some four blocks from the bank.

After some proceedings in camera, the State rested and a demurrer to the evidence was presented to the trial court. The demurrer was overruled.

The defendant presented no evidence and did not take the witness stand.

Co-defendant Harris took the witness stand in his own behalf and admitted being with the defendant at the bank on the day in question and admitted presenting the check for payment. He testified that they had obtained the check at the defendant's girlfriend's house. He could not remember where the house was located or who was present at the time. Harris also testified that the defendant did not have any identification with him and that was the reason he presented the check. Harris stated that he told the teller that Becky Green was his girlfriend when the teller inquired as to the identity of Green. Harris denied any knowledge that it was a stolen or forged check.

■ The defendant's first assignment of error is that the trial court erred in overruling the defendant's demurrer to the evidence for the reason that the State's evi-

dence wholly failed to prove the crime charged. We note that in Oklahoma the proper practice to attack the sufficiency of the evidence is a motion to direct a verdict under 22 O.S.1971, § 850, and a demurrer to the evidence should be treated as a motion to direct a verdict. *Nail v. State*, 18 Okl.Cr. 40, 192 P. 592 (1920). It is common for attorneys to move for a demurrer to the evidence at trial and for this reason we will use that language in the instant case.

■ The State presented no evidence of an overt act in word or gesture made by the defendant in furtherance of the crime of Uttering a Forged Instrument. Under 21 O.S.1971, § 1592, the State must prove that the defendant offered for acceptance a forged instrument with an intent to defraud or aided and abetted another in such an attempt, 21 O.S.1971, § 172. In either case, the defendant's knowledge of the falsity of the check in question must be shown. It is not enough that the defendant acquiesced in the commission of a crime where all the testimony of the State's witnesses indicates that the defendant took no part, gave no counsel, nor uttered any word of encouragement to co-defendant Harris. See, *Turner v. State*, Okl.Cr., 477 P.2d 76 (1970).

■ The State claims that the fact the defendant got out of the car and walked away is evidence that he knew of the falsity of the check and that he participated in the crime. This may raise a suspicion but it is not conclusive, nor is it supported by other evidence presented by the State. It would also be the only action possible by one who learned at a late moment the criminal intention of a companion and who wished to separate himself from such activity without endangering himself or others by infuriating the companion or causing undue alarm. Admitting all that the evidence tends to prove, all that can be said is that a suspicion of the defendant's guilt is created and as we stated in *Speegle v. State*, Okl.Cr., 556 P.2d 1045 (1976), this is not sufficient. In order to withstand the demurrer there must be competent evidence tending to sustain the allegations of the charges, *Towry v.*

*State*, Okl.Cr., 540 P.2d 597 (1975). The State's witnesses did not allege any action or word of the defendant in furtherance of the crime. The guilt of the defendant might be established by a chain of circumstantial evidence which reasonably supported the allegations, but the State presented no such evidence. *Tharps v. State*, Okl.Cr., 555 P.2d 1054 (1976). In the instant case the State would establish the defendant's guilt by circumstantial evidence and where a conviction must rest solely on circumstantial evidence the proof must exclude every reasonable hypothesis but that of guilt. *Roth v. State*, Okl.Cr., 532 P.2d 1397 (1975).

■ The State cannot rely on evidence of the co-defendant to cure the defects in its case against the defendant. Had the defendant put on evidence and called the co-defendant to the witness stand, the testimony would be relevant, *Shockey v. State*, Okl.Cr., 524 P.2d 33 (1974). The defendant did not offer any evidence and elected to stand on his demurrer or motion for directed verdict. All that can be considered is the evidence of the State, in chief, which in this case falls short of proving the crime alleged. The court should have directed a verdict as to this defendant when his motion for demurrer to the evidence was presented.

■ We note that the defendant was charged under 21 O.S.1971, § 1592. It is our opinion that the proper statute was 21 O.S.1971, § 1577, as this is the more particular statute for checks. This question was not raised on appeal and we therefore do not consider the consequences of this error.

The flagrant absence of conclusive evidence in the State's presentation leaves us no alternative other than reversing the judgment and sentence.

■ In *Cummins v. State*, 6 Okl.Cr. 180, 117 P. 1099, 1100 (1911), this Court said: "[W]hen the record on appeal shows that the accused committed no offense under the facts proved and that the prosecution is unjust, this court will reverse and remand a judgment of conviction, with directions to dismiss the cause."

We are compelled to remand the instant case with instructions to dismiss, as we must any time the defendant moves for a directed verdict on specific grounds that the State's evidence fails to prove the defendant committed the crime charged at the close of the State's case and the motion should have been granted by the trial judge, provided that the defendant does not sufficiently complete the State's evidence in chief through testimony for the defense. To do otherwise would be to submit the defendant to double jeopardy for the offense charged. We hereby, expressly overrule any and all cases that are inconsistent with this opinion in this matter.

For all the above and foregoing reasons this case is *REVERSED* and *REMANDED* with instructions to dismiss this charge against the defendant.

BUSSEY, P. J., and BRETT, J., concur.