**Warren Gene WARD, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–132.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1981.

**326**

Gary Peterson, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Timothy S. Frets, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant was convicted by a jury of Attempted Burglary After Former Conviction of Felony in Carter County District Court, Case No. CRF–79–78 and was sentenced to five (5) years' imprisonment. On appeal, he raises several assignments of error, only one of which need be addressed by this Court, to wit, that the evidence was insufficient to support the verdict.

In summary, the evidence of the state is as follows: On the evening of March 20, 1979, at about 8:45 p. m., witnesses observed a tall black man dressed in a dark coat and cap near the door to the Mistletoe Express building in Ardmore, Oklahoma. It was after office hours, the building having been locked and secured at 5:00 p. m. that day. Within moments, the sound of breaking glass was heard and the man was seen to walk and then run away from the building. According to one witness, the man had an unknown object in one hand.

Police were summoned immediately. A detective on his way to respond had to stop his car three to five minutes later at a point two and one-half blocks from the building when the defendant, dressed in dark cap and coat, ran across the street in front of his police unit. The defendant was arrested a few minutes later by a second officer some ten blocks from the building while wearing dark clothes and running. Defendant had visited the building earlier that

same day and picked up an employment application.

Examination revealed that a hole about four inches in diameter near the door knob and lock had been broken in the glass part of the door.

Defendant testified in his own behalf [1] that he resided in the neighborhood of the Mistletoe facility. The evening in question he had left home to walk to a convenience store. He was arrested about three or four blocks from the Mistletoe Express building. He denied that he was running or wearing dark cap or jacket, or had stepped in front of a police car, or was the man seen at the building. He conceded that he had been at the Mistletoe office earlier that day to inquire about employment.

The crime of Attempt, 21 O.S.1971, §§ 42 and 44, requires a showing of an intent to commit a specific crime, performance of an overt act toward commission of that crime, and failure of consummation. *Weimar v. State*, 556 P.2d 1020 (Okl.Cr. 1976). In this case, the burglary alleged in the information to have been attempted appears to be Second Degree, comprising the breaking and entering of designated structures with the intent to steal or commit a felony. Title 21 O.S.1971, § 1435. Where there is competent evidence in the record from which a trier of fact could reasonably conclude that accused is guilty beyond a reasonable doubt, this Court will not disturb the verdict on the ground of insufficiency of the evidence. *Sasser v. State*, 414 P.2d 714 (Okl.Cr.1966).

In the case at bar, there is simply insufficient evidence in the record to indicate that the appellant, assuming arguendo that there was enough evidence to show that he was the perpetrator, intended to not only break, but enter and steal or commit a felony in the building. The evidence at best shows that an act of vandalism, or malicious mischief, occurred. Compare

---

1. This led to revelation of appellant's prior convictions for arson and burglary in the guilt phase of the jury trial.

*Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973). This case must be distinguished from those relied upon by the state: No pry marks were found, no burglar tools were shown to be in the perpetrator's possession, no effort to enter was observed, no significantly unusual point of entry was indicated. A photograph of the damaged door reveals that the hole in the glass was not so large as to permit one to reach through.

Accordingly, this case must be, and is hereby, reversed and remanded with instructions to dismiss.

BRETT, P. J., and CORNISH, J., concur.