**James R. MURPHY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–82–442.**

Court of Criminal Appeals of Oklahoma.

June 28, 1983.

Warren E. Crane, Lawton, for appellant.

Michael C. Turpin, Atty. Gen., Betty Elrod Hunter, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

Appellant, James R. Murphy, was convicted of Depositing or Throwing Debris on Highways or Public Property, in violation of 21 O.S.1981, § 1753.3, in the District

Court of Comanche County. Upon trial by jury, he was fined twenty dollars ($20).

At trial, the State presented two witnesses, Mr. J.D. Harper, a county employee, and Mr. James Fogle, a Deputy Sheriff for Comanche County.

Mr. Harper testified that on October 28, 1981, while returning to the county barn, he noticed two piles of trash on the left-hand side of the road. Upon inspection, Harper obtained three documents from the piles, State's exhibits 1, 2, and 3. Two of the documents were letters, one addressed to the appellant and one to the appellant's wife, while the third document was a welfare form with appellant's name written on it. Harper later signaled a passing deputy, James Fogle, and gave the documents to him. Thereafter, both Harper and Fogle returned to the site to further inspect the piles. Fogle's testimony only established that he knew nothing about the origin of the documents except what Harper had told him.

The State rested and a demurrer to the evidence was presented to the trial court. The demurrer was overruled and the appellant rested.

■ The appellant claims the trial court erred in overruling the appellant's demurrer to the evidence for the reason that the State's evidence was insufficient to warrant a conviction. It should be noted that the proper practice to attack the sufficiency of the evidence is a motion for directed verdict under 22 O.S.1971, § 850, and a demurrer to the evidence should be treated as a motion to direct a verdict. *Johnson v. State,* 564 P.2d 664 (Okl.Cr.1977); *Nail v. State,* 18 Okl.Cr. 40, 192 P. 592 (1920).

■ When the sufficiency of the evidence presented at trial is challenged on appeal, as it is here, the proper test is whether a prima facie case has been established. If the State has presented a prima facie case, then all remaining fact questions are for the jury to decide, not the trial court nor this Court. *Van Buskirk v. State,* 611 P.2d 271 (Okl.Cr.1980); *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980); *Hunt v. State,* 601 P.2d 464 (Okl.Cr.1979). *Renfro* further states that in determining whether the State has established a prima facie case, the evidence is viewed in light most favorable to the State.

■ However, the only evidence the State has presented is three documents from two piles of trash with the appellant's name and address. This circumstantial evidence raises a suspicion, but it is not conclusive, nor is it supported by any other evidence. Proof which amounts only to a suspicion or mere probability is not sufficient to put before a jury. This Court has stated that a conviction upon circumstantial evidence cannot be sustained if the proof does not exclude every reasonable hypothesis but that of guilt, and proof amounting only to a strong suspicion or mere probability is insufficient. *Frazier v. State,* 624 P.2d 84 (Okl.Cr.1981); *Fain v. State,* 551 P.2d 1140 (Okl.Cr.1976).

■ The State claims that it has established a prima facie case on the evidence presented at trial. It cites *Pearson v. State,* 632 P.2d 765 (Okl.Cr.1981), which states:

> Where there is evidence, although entirely circumstantial, from which defendant may reasonably and logically be found guilty, the weight, credibility and probative effect of such evidence is for the trier of fact, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of evidence.

However, in that case there was a chain of circumstantial evidence which reasonably supported the allegations. In the case at hand, the State presented no such chain of evidence. The State's case does not prima facie link the appellant to the dumping of the debris. Furthermore, this Court has held that a failure to connect an accused with the crime charged by positive proof, or by circumstances which would exclude every other reasonable hypothesis except that of guilt, is fatal to a conviction. *Slaton v. State,* 97 Okl.Cr. 12, 257 P.2d 330 (1953); *Farmer v. State,* 96 Okl.Cr. 144, 250 P.2d

229 (1952); *Richards v. State,* 52 Okl.Cr. 436, 6 P.2d 449 (1931).

The appellant did not offer any evidence and elected to stand on his motion for directed verdict. All that can be considered is the evidence of the State, which in this case is insufficient as a matter of law. The court should have directed a verdict for the appellant.

For all the foregoing reasons this case is REVERSED and REMANDED with instructions to DISMISS.

BRETT, J., concurs.

BUSSEY, P.J., concurs in results.