Darryel Glenn JAMES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-83-755.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1985.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge.

The appellant, Darryel Glenn James, was convicted in the District Court of Bryan County, Case No. CRF–81–73 for the offense of Attempted Robbery by Force.

Punishment was fixed by the jury at two years imprisonment, with the jury recommending that one year be suspended. Judgment and sentence was imposed in accord with the jury's verdict. We affirm.

Around 9:45 p.m. on April 26, 1981, the appellant entered the Community Grocery Store in Hendrix, Oklahoma. The appellant asked the store employee, Earnest Sinor, where he could locate a can of Skoal. Mr. Sinor directed him to the corner of the store. Appellant picked up a can of Skoal and returned to the counter. As Mr. Sinor was ringing up the purchase, appellant hit him with an unknown object. Mr. Sinor attempted to reach a nightstick under the counter, and appellant fled from the store and got into a waiting car.

Appellant and two companions were arrested by B.J. Moore, a Bryan County Deputy Sheriff. When the arrest was effected, appellant told Moore that, "I did it", and that his companions were not involved. The next day appellant confessed that he and his companions planned to rob the store, but that appellant ran because he thought Mr. Sinor was reaching for a weapon.

As his defense, appellant offered the testimony of co-defendant Eddie Christman, who stated there had been some plans to rob the Hendrix Community Store, but that the appellant was not interested. Christman, who pled guilty to the charge, said his plea was induced by a fear of a harsh sentence.

Appellant testified in his own behalf that he had no plans to rob the grocery store. He struck Mr. Sinor only after Sinor had cursed him, and he ran from the store because he believed Sinor was reaching for a weapon. Appellant said he made the statement, "I did it" because he thought his arrest was for an assault and battery on Mr. Sinor. He claimed his confession the following day was actually only a statement of what he and his companions had planned.

## I.

In his first assignment of error, the appellant alleges his signed confession, which

was entered into evidence as State's Exhibit No. 1, was involuntarily given, and should not have been received into evidence. We disagree.

In support of his argument, appellant relies almost exclusively on this Court's opinion in *Young v. State*, 670 P.2d 591 (Okl.Cr.1983). However, appellant's reliance on *Young* is misplaced. In *Young*, the defendant, A murder suspect, confessed to shooting his victim after a police officer/polygraph examiner told him he had lied during the polygraph examination, that it would be better to confess and get the detectives on his side rather than try to convince a jury of his innocence, and that it would be his burden to prove he was not guilty of the crime. Although *Miranda* warnings had been read, we recognized that "the ultimate test of the voluntariness of a confession is whether it is the product of an essentially free and unconstrained choice by its maker." *Young v. State, supra,* at 594. We held that a confession is not voluntary if it is "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *Id.* However, we also noted that "mere advice or exhortation by the police that it would be better for the accused to tell the truth, unaccompanied by either a threat or a promise, does not render a subsequent confession involuntary." *Id* at 595.

■ In this case, the record establishes only that the officer indicated he would advise the District Attorney's office that appellant had cooperated, and that this fact "might" help appellant. The officer denied making any promises of leniency in return for the confession. We do not believe this statement by the officer rose to the level of unconstitutional coerciveness found in *Young v. State.* This assignment of error is without merit.

## II.

■ Appellant's second assignment of error maintains that the evidence presented by the State was insufficient to sustain a conviction. This claim of error is patently frivolous.

We have repeatedly stated that

[w]hen the sufficiency of evidence presented at trial is challenged on appeal ... the test is whether a *prima facie* case has been established. As long as that test is satisfied, fact questions are for the jury to determine.

*Jetton v. State,* 632 P.2d 432, 434 (Okl.Cr. 1981). *See also Murphy v. State,* 666 P.2d 236 (Okl.Cr.1983). The State must prove three elements in order to convict an accused for an attempted crime: (1) intent to commit a specific crime; (2) performance of an overt act toward the commission of that crime; and (3) failure to consummate that crime. *Ward v. State,* 626 P.2d 325 (Okl. Cr.1981). According to the appellant's written confession, he and his companions intended to rob the Hendrix Community Grocery Store, and appellant struck Mr. Sinor in the course of the attempted crime. Appellant failed to consummate the crime only because Mr. Sinor reached for a weapon and frightened appellant away. The State clearly presented a *prima facie* case, and this assignment of error is without merit.

## III.

Appellant's next three propositions all center around a common claim of error. During the cross-examination of appellant, the prosecutor attempted to impeach appellant through the use of a transcript of a previous trial in the case, which had ended in a mistrial. The record supports appellant's claim that defense counsel had no prior notice that the transcript had been prepared, had not received a copy of it, and that the transcript was purchased with public monies. Appellant argues that the use of the transcript violated 20 O.S.1981, § 106.4a.

■ Section 106.4a provides, in pertinent part, that

[W]here a prosecuting attorney orders such a transcript at public expense and the accused as an indigent is constitu-

tionally entitled to a free copy of the transcript, a reporter shall prepare an original and two copies of the transcript so ordered and file it with the clerk of the trial court. The court reporter shall immediately notify the district attorney and the defendant of the date the transcript was filed. The district attorney and the defendant shall have access to the copies of the transcript on such terms as the trial court may impose.

In this case, the proper notice, as above noted, was not given. Moreover, public monies, in the form of funds from the District Attorney's Child Support Collection Funds, were used to purchase the transcript. *See* 56 O.S.1981, § 237.1 (child support collection funds are public monies by state statute). However, 20 O.S.1981, § 3001.1 provides that

> [n]o judgment shall be set aside or new trial granted by any appellate court in this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

A technical violation of section 106.4a did occur in this case; however, the error was not so eggregious so as to require reversal under section 3001.1. The prosecutor used the transcript from the prior trial in two instances: First, to impeach the appellant's statements as to whether the car was moving as appellant exited the store, and, second, regarding the appellant's statement to the officer upon his arrest that, "I did it." The latter impeachment attempt was at most cumulative, as the appellant had previously testified regarding his statement. Furthermore, whether the car was moving or parked was not a critical issue to the case. Neither this testimony, nor the prosecutor's brief reference to these statements in closing argument, warrant reversal of this conviction.

Appellant also argues prosecutorial misconduct on the part of District Attorney Ron Stubblefield, who initially misinformed the court by maintaining that he personally paid for the transcript. Stubblefield later recanted this statement and admitted the funds were obtained from the Child Support Collection Fund. However, none of these statements were made before the jury, and were, in fact, corrected later in the trial. On these facts we do not believe Stubblefield's misstatement requires reversal of this conviction, as appellant was in no way prejudiced.

Accordingly, the judgment and sentence of the District Court is AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.