ED GROVES v. STATE.

No. A-4032.    Opinion Filed May 7, 1923.
(214 Pac. 736.)

(Syllabus.)

Intoxicating Liquors—Evidence to Support Conviction for Unlawful Sale. In a prosecution for selling intoxicating liquor, evidence considered, and held insufficient to support a verdict of guilty.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

Ed Groves was convicted of violating the prohibitory liquor law, and he appeals. Reversed.

Bond & Morris, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction on an information charging that Ed Groves, in Stephens county, on the 19th day of February, 1921, "did then and there willfully and unlawfully sell intoxicating liquor, to wit, one pint of whisky to Lee Fowler." The jury failed to agree on the punishment. On the 30th day of May, 1921, the court sentenced the defendant to be confined in the county jail for 30 days and to pay a fine of $100.

Of the errors assigned we deem it only necessary to pass upon the question of the sufficiency of the evidence to sustain the verdict.

The state called but one witness, Lee Fowler, who testified:

"I was in Dr. Plunkett's office. Another fellow was there, and cashed a check for Dr. Plunkett or gave him a check —I never learned his name—and asked Dr. Plunkett to get him a pint of whisky. Dr. Plunkett asked me if I would go and get it. I said I would try. I went down on the street and met Ed and asked him if he had any whisky, and he said, 'Yes; you will have to go with me to get it.' I told him where I was going to take it. We went down into the basement of the Wade Hotel, and he handed it to me out of a trash barrel. I told him to wait at the bottom of the steps of the O'Neill Building and I would take it up and bring back his money. I met him coming up as I was going down, and I delivered the money to him. I entered a plea of guilty to the charge of selling this pint to Crow."

On cross-examination he testified as follows:

"Q. Haven't been sentenced yet, have you?  A. No, sir.

"Q. Now, Lee, who did Dr. Plunkett get that check from? A. A man named Crow.

"Q. What did you do with it?  A. Gave it to Ed.

"Q. Who was the check made payable to?  A. Cash.

"Q. How many times have you been convicted of selling whisky?  A. I don't know, five or six times.

"Q. How much of your sentence time have you laid out? A. About four years.

"Q. You happened to be out of whisky about that time? A. Yes.

"Q. Where does Crow live?  A. He lived in Comanche.

"Q. How much was that check for?  A. Five dollars.

"Q. What time of the day was this transaction?  A. It was along towards the middle of the afternoon."

Ed Groves testified in his own behalf that he did not sell or give Lee Fowler any whisky, nor did Lee Fowler come to him to get any whisky. He was not cross-examined.

This conviction rests upon the testimony of Lee Fowler alone, a self-confessed professional bootlegger. It is impossible to tell from his testimony whether he gave defendant the check or paid money. He first states that he paid money. On cross-examination he says he gave defendant the check. He first states that he did not know the man's name who gave the check. On cross-examination he says his name was Crow.

Defendant testified in his own behalf and denied the charge made by Lee Fowler, and his testimony was in no manner weakened or impeached. He presented as complete a defense to this charge as any man, however innocent, would ordinarily be able to present.

While this court is to the fullest extent committed to the doctrine "that the credibility of witnesses and the weight and value to be given their testimony is a question solely for the jury's determination," yet, this court will not hesitate to reverse a judgment of conviction where the evidence is not sufficient to support the verdict, or where the evidence in the case so greatly proponderates in favor of the defendant that upon a careful consideration thereof there remains such grave and serious doubt of the guilt of the defendant that leads to the conclusion that the verdict of the jury is the result of passion or prejudice, and not of that calm and deliberate consideration of the evidence which the law requires. To warrant or sustain a conviction there must be evidence sufficient to prove that the offense was committed, and also to inculpate the defendant with the commission of

it as charged in the information. In our opinion, there was not sufficient evidence in this case to warrant the verdict of the jury. The judgment of the lower court is therefore reversed.

MATSON, P. J., and BESSEY, J., concur.