JOHN LA GRONE v. STATE.

No. A-5084. Opinion Filed Oct. 17, 1925.
(239 Pac. 938.)

F. W. Church, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Ottawa county on a charge of transporting alcohol, the plaintiff in error, hereinafter called defendant, has appealed.

Several assignments are made in the petition in error, but in the brief all are waived, except that the evidence is insufficient to sustain the verdict. The record discloses a state of facts about as follows: The defendant was a resident of Kansas City, Mo., and an aviator engaged in commercial flying and in the sale of aeroplanes. On the 2d day of February, 1924, he landed on the private field of Bill Hale near Picher, near the aeroplane shed or hangar of the said Hale. He was about the plane for some minutes after landing, and turned the plane so it could be rolled into the shed. He then started to an automobile on the highway a short dis-

tance away. At that time certain officers came to the plane, looked it over, and just east of the shed, some 40 feet from where the plane was, they found three cans of alcohol covered with an old rug. They thereupon arrested the defendant for transporting. There was evidence of tracks apparently leading from the plane to where the alcohol was found. One of the witnesses for the state testified that previously that day an automobile had been there and the parties with it had taken something out of the machine.

Several of the witnesses testified that they saw the defendant land and get out of the aeroplane on the west side, the side opposite from where the alcohol was found; saw him turn the plane toward the shed, none of them saw him take anything out of the plane, and none of them saw him go to the east side of the shed or hangar where the alcohol was found, although none of the witnesses watched him continuously during the time he was there, which was variously estimated from 4 to 15 minutes. The defendant testified in his own behalf that he had a prospective purchaser for a plane, and came to Picher for that reason; that he had permission of the owner to land at the place for the purpose of storing his plane, and placed his plane to enter the shed, and, finding the door locked, had started to a nearby car for the purpose of procuring a ride to town, when the officers approached. He testified that he did not transport any alcohol, and had not been at the east side of the shed.

This is the principal part of the material evidence. This court has often held that questions of fact are for the jury, and, where the evidence, although conflicting, reasonably sustains the verdict and judgment, it will not be disturbed in this court for insufficiency. However, unless the evidence is such that the jury may reasonably and logically find the guilt of a defendant, a verdict of guilty will be set aside.

Considering the evidence before us, we think it falls short of that conclusive character necessary to a conviction. At best, it raises only a strong suspicion of the guilt of the defendant, and the verdict should not be permitted to stand.

The case is reversed and remanded, with instructions to the lower court to dismiss.

BESSEY, P. J., and DOYLE, J., concur.