## O. E. TISLOW v. STATE.

No. A-5995. Opinion Filed March 28, 1927.
(254 Pac. 511.)

H. T. Church, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J. In this case the information charges that in Tulsa county, on the 7th day of July, 1924, "one Tislow, whose first name is unknown, did unlawfully, wilfully and wrongfully sell to Van Yargee, certain intoxicating liquor, to wit, one quart of corn whisky." On the trial the jury returned a verdict finding the defendant guilty as charged in the information, and that they were unable to agree on the punishment. A motion for new trial was duly filed and denied. Whereupon judgment was pronounced and he was sentenced to pay a fine of $100 and to be imprisoned in the county jail for 30 days.

In support of the contention of counsel for appellant that the judgment should be reversed, numerous errors are assigned. The only one we deem necessary to notice is that the evidence is insufficient to sustain the verdict and judgment.

The evidence for the state shows, or tends to show, that the defendant, O. E. Tislow, was ill at his home; that Van Yargee and another visited his home and claimed to have obtained a quart of whisky; that they placed $3 on the table, and the defendant's wife left the room and returned with a quart of liquor, which they took and left the room. After Yargee and Smith had left the defendant's home and traveled in a car some quarter of a mile on the main highway between Red Fork and Sapulpa, Officer Murray arrested them and brought them to the Tulsa county courthouse.

Van Yargee testified:

"I live at Red Fork. I do first one thing and then another. On the 5th day of July I bought a quart of whisky at the defendant's house. I just picked it up off

the table. J. Smith and Mrs. Tislow were present. O. E. Tislow had been in bed. He got up and came in and sat down on a chair. His wife went and got the whisky. At that time I think the defendant was still in bed. I laid $3 down on the table, and J. Smith picked up the bottle and walked out with it. We went there together. I didn't see any one pick up the money. J. Smith could have picked it up so far as I know."

At the close of the state's evidence, the defendant moved for a directed verdict of acquittal, on the ground that the evidence introduced on behalf of the state is insufficient to warrant a conviction, which motion was overruled.

The testimony of the defendant in his own behalf is as follows:

"I live about a mile and a quarter west of Red Fork. I am a decorator and have been about 16 years. I was sick in bed when Van Yargee and J. Smith visited my house, I should judge about 2 o'clock that afternoon. I did not sell them any liquor on that occasion, nor did I deliver them any liquor. I did not see any bottle of whisky there that day, and I did not see any money on the table. I was never before arrested on any charge."

Under the proof in this case, if the sale of liquor was made at all, it was made by the wife of defendant and not in the presence of her husband; his consent was not asked or sought by her, and the offer of purchase was made to her and not in the presence of her husband; the transaction was the act of the woman and not the man, and the evidence so shows.

It is a well-settled rule of law that if there be evidence to support the conviction, the court will not weigh the sufficiency of the evidence to support the verdict. The converse rule is equally well settled that if the evidence introduced by the state fails to incrimi-

nate the defendant, or as a matter of law is insufficient to show that he is guilty of the offense charged, it is not only the right but the duty of the trial court to advise the jury to return a verdict of acquittal.

After a careful consideration of all the testimony offered by the state and the defendant, we are of opinion that as a matter of law the evidence is insufficient to warrant a conviction, and the trial court erred in overruling the defendant's motion for a directed verdict.

Because the evidence is insufficient to sustain the conviction, the judgment of the lower court is reversed.

EDWARDS and DAVENPORT, JJ., concur.