# HARRY MATHENY v. STATE.

No. A-5924.  Opinion Filed Aug. 5, 1927.
(259 Pac. 175.)

Jas. A. Embry, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.  Appellant, Harry Matheny, was convicted on a charge that he did have the possession of one-half gallon of Choc beer, containing more than one half of 1 per cent. of alcohol with the unlawful intent of selling the same, and in accordance with the verdict of the jury he was sentenced to imprisonment in the county jail for 30 days and to pay a fine of $200.

Of the numerous assignments of error we deem it only necessary to consider the one that the verdict and judgment is not sustained by the evidence.

William Maples, city marshal of Chandler, testified that he arrested appellant on the porch of the Bozarth Restaurant, that appellant saw him coming and picked up a jug on the table and threw it back over his shoulder; that the jug was about half full of what he took to be Choc beer; that Walter Reynolds and John Conley were with appellant, and Reynolds ran away.

The testimony of Charley Williams, night watchman, is substantially that given by the city marshal.

Constance Wolcott testified that she was a graduate pharmacist, and she analyzed the contents of the jug and found that its alcoholic contents was 6½ per cent.

At the close of the state's testimony the defendant moved for a directed verdict in the form of a demurrer to the evidence. The motion was denied. Exception allowed.

Mrs. Lula Fulford in behalf of the defendant testified that she conducted a hotel in Chandler next door to the place where the officers arrested this boy; that in her absence her son rented Walter Reynolds a room; that when she returned Reynolds was swinging this jug around, and she told him to get out of there; he asked for his money and abused her, and she gave him his money and told him she would call the law if he did not leave; that he took the jug and went over to the porch of the Bozarth Restaurant, and appellant went with him.

James Hobbs testified that he saw Walter Reynolds on the Bozarth porch, and that appellant did not have the jug.

As a witness in his own behalf appellant testified that he went to Mrs. Fulford's hotel to meet his brother, who was coming in from Oklahoma City; that Walter Reynolds came there with this jug of Choc beer; that he heard Mrs. Fulford say she would call the law; that he had no interest in the jug of beer; that he did not drink Choc beer; that he had been drinking whisky that day.

Clara Martin testified that she was the daughter of Mrs. Fulford, and Walter Reynolds brought that jug to the hotel; that her mother gave back the money paid for Reynolds' room and Reynolds left, taking the jug with him over to Bozarth's porch. On cross-examination, she stated that Reynolds stayed at the hotel about 20 minutes, and her mother telephoned for City Marshal Maples.

Another witness testified that he saw Walter Reynolds in front of the Fulford Hotel with a jug in his hand.

Under our Procedure Criminal (section 2754, subd. 6, C. S. 1921) a new trial shall be granted "when the verdict is contrary to law or evidence." Under this provision, the responsibility of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to render it safe to allow the verdict to stand is imposed upon the trial court in the first instance, and on appeal upon this court.

The performance of this duty on the part of the court is the exercise of legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence to which every one is entitled who is put upon trial for an offense. Benson v. State, 10 Okla. Cr. 16, 133 P. 271; White v. State, 13 Okla. Cr. 76, 162 P. 232.

On a consideration of the evidence we are of opinion, as a matter of law, it was not sufficient to warrant the submission of the case to the jury either as to possession or as to the intent.

It follows that the judgment should be and the same is hereby reversed.

DAVENPORT and EDWARDS, JJ., concur.