## J. J. TIPTON v. STATE.

No. A-6071. ·Opinion Filed Aug. 27, 1927.
(258 Pac. 1053.)

Percy Powers, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. The appellant was convicted on an information charging that he did have in his possession about one-half gallon of whisky with the unlawful intent to sell the same. The jury failed to agree on the punishment. Motion for new trial was duly filed, overruled, and the court sentenced the defendant to imprisonment in jail for 60 days and to pay a fine of $250.

The errors assigned question the sufficiency of the evidence to sustain the verdict, and that the punishment imposed is excessive.

It appears that in executing a search warrant issued by the county judge, J. W. Counts, city marshal of Man-

gum, visited the store of appellant, in Mangum. He testified:

"I saw Mr. Tipton pass the door going into the bedroom; his wife was lying on the bed and he shook her and said something to her. I stepped in the door and saw a sack at the head of the bed; he picked up a hammer from the floor and started beating the sack. I jerked him flat on his back on the floor, and he struck at me with the sack, and I struck at him with my gun; just as quick as I had a chance I served him with the search warrant. There was whisky on the floor, at least a half gallon."

Mrs. Tipton, wife of appellant, testified:

"We had a little store in front and a bedroom and kitchen behind. I was lying down with my baby in my arms. There was no whisky on the place; we had two or three ounces when the baby was born; we didn't have electric lights, and my father gave us a gas lamp, generated with alcohol to use until we got the lights; and we had a jar of denatured alcohol, which was in a tow sack. Mr. Counts came in the room and commenced beating my husband over the head with his gun. My husband did not break this jar with a hammer."

Jewell Lesor testified that he was a farmer, living at Venson; that he was in the store and saw Don Counts hit at Tipton and then lost his gun; that Tipton got hold of him and walked out the door with him; that he did not see any whisky there.

Wilford Perrin testified that he was in the store writing out the order for some candy; that he saw Counts hit Tipton with a gun and the gun come out of his hand, and Bud Henry picked up the gun, and Tipton pushed Counts outside of the store.

W. M. Cox, father of Mrs. Tipton, exhibited the lamp and explained to the jury how to generate it with wood alcohol, and exhibited a small nickel plated pump for pumping air into the lamp.

As a witness in his own behalf, J. J. Tipton testified

that he had bought some candy from a salesman and went into the back room to see if his wife wanted anything; that Don Counts stepped in and said, "What are you doing" and hauled off and struck him, bringing blood, and struck him again and knocked him across a wash boiler of water; then he pushed his gun in his stomach and said, "Stand back or I will shoot your damn guts out, you come and go with me," and he said, "All right," and started with him; then Counts drew back and hit at him and his gun flew out of his hand, and he just grabbed him and threw him out; that Bud Henry picked up the gun; and Counts grabbed for the gun, and he just laid him on the ground and said to him, "Mr. Counts, I will turn the gun loose if you promise not to hit me any more," and he said, "I won't hit you any more;" that there was no whisky on the place; that the jar in the sack that was broken in the melee contained wood alcohol; that he did not know that Counts was an officer; that he had been a farmer boy all his life until he opened this little grocery store; that he raised 17 bales of cotton there the year before on the Scott place; that he was never before arrested.

Upon a careful consideration of the evidence, we are constrained to hold that it is not sufficient to sustain the verdict.

When we recall the presumption that the law always indulges as to the innocence of one accused of crime and the necessity of establishing the guilt of the defendant beyond a reasonable doubt, we think that it would be a subversion of those rules to allow this conviction to stand. The defendant, as a witness, met the charge with a positive denial of possession, and in this he is corroborated by his wife, and, considering the testimony of two disinterested witnesses, we cannot help thinking that a conviction upon testimony so weak and unsatisfactory as that on the part of the state was more the

result of prejudice and partiality than the dispassionate conclusion of the jury upon the facts in evidence. The judgment is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.