## LEE LUNSFORD v. STATE.

No. A-6023.   Opinion Filed Oct. 22, 1927.
(260 Pac. 514.)

E. C. Patton, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county on a charge of having the unlawful possession of whisky, and was sentenced to pay a fine of $500, and to be confined in the county jail for a term of six months.

The only question presented by the appeal is the

sufficiency of the evidence to sustain the verdict. The record discloses that on the day charged about daylight two deputy sheriffs passed the premises of defendant, who lived near the North Canadian river. About 300 yards beyond his house, on a well-traveled highway, they saw where a car had turned, and they then followed the track of the car back to defendant's place, and found there defendant and one Jim Barrett, who had not yet arisen. They arrested them, and returned to the place where the car had turned, and in some weeds beyond the highway found two five-gallon jugs of whisky. There were the tracks of two men at the place where the car had turned. The officers identified the tracks of the car as being the same as those of the car found at defendant's place. This was the only evidence offered. Jim Barrett admitted owning the car, but it was not shown that the tracks corresponded in any particular with the tracks of defendant. Defendant and his wife each testified that Barrett, who was a brother-in-law, came to their house the night before, after they had retired. Defendant denied any knowledge or connection with the whisky. The evidence raises no more than a suspicion that defendant was connected with this whisky. It falls far short of that certainty required to convict in a criminal case.

The case is reversed and remanded.