## A. J. SHARER v. STATE.

No. A-6123.   Opinion Filed September 7, 1929.
(280 Pac. 629.)

See, also, 40 Okla. Cr. 420, 269 Pac. 511.

R. M. Godfrey and A. T. Anglin, for plaintiff in error.

Lloyd C. Colter, Co. Atty., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Nowata county on a charge of having unlawful possession of a still and mash, and his punishment fixed at a fine of $150 and imprisonment in the county jail for 30 days.

The sheriff testified that he had a search warrant authorizing the search of the S. E. ¼ of the N. E.¼ and the N. E. ¼ of the S. E.¼, section 14, township 29 north, range 14 east in Nowata county; that, accompanied by Buck George, Lark Pace, and E. A. Haverfield, he searched the premises described in the search warrant, and found the defendant in the house on the premises, but found no liquor of any kind, finding a case and a half of bottles which apparently had never been used; that across the road on another piece of land, and about half a quarter of a mile from the house where defendant was found, was a two-room box-car house, in which the officers found seven barrels of mash and a still in operation.  These witnesses all testified that the defendant denied any connection with the still, and, when asked if they knew positively that the defendant was the owner of a still and mash, they each answered, "No, sir."  None of the officers had ever seen the defendant around the premises, or closer to the still than the house where the defendant was found.

The defendant was charged with the possession of a still and mash.  There is not a word of evidence in the record to show that the defendant ever owned, or was ever in possession of, or ever had anything to do with, the still and mash seized by the officers; but, on the contrary, each one of the state's witnesses testified that, as far as they know, the defendant had nothing to do with

the still or mash. It is the duty of this court, where there is an entire failure of evidence, to set aside the verdict and reverse the judgment of conviction. Groves v. State, 23 Okla. Cr. 336, 214 Pac. 736; Tislow v. State, 36 Okla. Cr. 346, 254 Pac. 511; Matheny v. State, 37 Okla. Cr. 369, 259 Pac. 175.

For the reasons stated the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.