## LOYD McCOY v. STATE.

No. A-6954. Opinion Filed Dec. 7, 1929.
(283 Pac. 257.)

L. A. Foster, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted upon an information charging that he unlawfully and willfully manufactured, fermented, and possessed a compound mixture consisting

of wheat, bran, sugar, and water, fit for distillation and for the manufacture of distilled spirits, commonly called whisky, and was sentenced to pay a fine of $200 and be imprisoned in the county jail for 60 days, from which judgment the defendant has appealed to this court.

The state relies for conviction in this case upon circumstantial evidence. John Scaggs, a deputy sheriff, testified in substance that he went to defendant's home and searched the premises; that he went across the section line to the barn and searched around it, and went down through a wooded pasture adjoining defendant's barn a distance of about a half to three quarters of a mile, and found some barrels of mash, and in different places around a pond of water found pieces of what he said was a still.

Other witnesses with him testified in substance to the same facts as does Mr. Scaggs, all agreeing that the substance they found in the barrels they claim to be mash was from a half to three quarters of a mile from the defendant's home in a pasture, designated by the witnesses as woods, sand hills, and brush. The only testimony tending to connect the defendant with the mash is the testimony of two of the witnesses who saw an imprint of a wide tired wagon near this pond where they claim the mash was found; they say they could not tell very much about the track of the wagon, because stock had run over it and practically blotted out the track.

The defendant in his own behalf testified in substance as to where he lived, stating the deputy sheriff and other parties came to his house and told him what they came for, and he told them to go ahead and search; they found nothing around his premises and barn. The defendant further testified that the place where they found the mash was from a half to three quarters of a mile from his barn and

home; that the land upon which they claim to have found this mash was not under his control, but that it was in the tract of land where he had use of a portion of the pasture; that there was a fence for about a quarter of a mile between the two places, and the remainder of the line was open; and that the stock running in one pasture could run in the other, there was nothing to prevent them going back and forth over all this tract of land.

The witness further testified that roads led into this tract of land; the land was covered with timber, sand hills, and brush, and was near the river, and different parties went back and forth in there fishing and hunting. Defendant denied positively any knowledge of the mash being there or that he had anything to do with placing it there, and that he had no control whatever over the lands upon which the officers claim it was found.

Other witnesses testified for the defendant as to his previous good character, and that there were roads leading back and forth through this tract of land where they claim this mash was found, and that other parties went back and forth in there. There is no testimony whatever connecting the defendant with the possession, either active or constructive, of the mash and pieces of still alleged to have been found by the officers.

The defendant's first assignment of error is the court erred in overruling the motion of plaintiff in error for a new trial. Second, the court erred in overruling the plaintiff in error's demurrer to the state's evidence; and, ninth, that the verdict of the jury is contrary to the evidence. These three assignments of error will be considered together, as they relate to the question as to whether or not the evidence of the state is sufficient to sustain the verdict of the jury. It is urged by the defendant, with

considerable force, that the evidence in insufficient to sustain a conviction. Under our procedure criminal, section 2754, subd. 6, C. O. S. 1921, a new trial should be granted when the verdict is contrary to the law or evidence.

Under this provision, the responsibility to determine whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to render it safe to allow a verdict to stand is imposed on the trial court in the first instance, and on appeal upon this court. The performance of this duty at this time on the part of the court is to exercise legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence to which every one is entitled who is put upon trial for an offense. Benson v. State, 10 Okla. Cr. 16, 133 Pac. 271; White v. State, 13 Okla. Cr. 76, 162 Pac. 232; Matheny v. State, 37 Okla. Cr. 369, 259 Pac. 175.

After a careful consideration of the evidence on behalf of the state, and the positive denial of the defendant, and the testimony as to his previous good character, we are of the opinion that the evidence of the state is insufficient to overcome the presumption of innocence and to sustain a conviction.

The judgment is reversed.

EDWARDS, P. J., concurs.

CHAPPELL, J., absent, not participating.