## A. D. SPEARS v. STATE.

No. A-7159.   Opinion Filed March 8, 1930.
(287 Pac. 1060.)

Jas. A. Embry, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was jointly informed against with one J. C. Hoover, alias J. C. Clifton, charged with the crime of robbery with firearms; was tried separately, convicted, and sentenced to serve a term in the state penitentiary for 25 years. Motion for new trial was filed and overruled, and defendant has appealed to this court.

The testimony on behalf of the state, in substance, is that on the night of January 5, 1928, the defendant, acting conjointly with J. C. Hoover, alias J. C. Clifton, entered the Quaker Drug Store No. 3, at 10 East Eighteenth street, Tulsa, Okla., shortly after 11 o'clock; that the man J. C. Hoover passed through the drug store and into the prescription room where the manager, Harry Fisher, was, and drew a gun upon him and demanded his money; that the said Hoover went through an old safe that was back there, still keeping his gun on Fisher; Terrill Morrison and Shelby Crawford and a man by the name of L. C. Durnall, who was a night watchman or policeman, were in the front part of the drug store; Fisher says he heard the cash register open, but could not see who was in the front part of the drug store; Durnall was where Hoover could not see him, and fired a shot, killing Hoover, and the other party ran out of the front of the drug store.

The testimony of Shelby Crawford, who was the delivery boy for the drug store, is that he came into the drug store after making a delivery, and a man was at the cash register and told him to beat it; that he got up close to the man, who shoved him and told him to get out, and he went out; when the shot was fired that killed Hoover, the man at the cash register ran out of the drug store.

The testimony is not clear as to the amount of money secured, but it was something in the neighborhood of $46. No one in the drug store saw the defendant in this case except the delivery boy, Shelby Crawford. After the defendant was arrested, Crawford was taken to jail where the defendant was in custody, and positively identified the defendant as being the man that was at the cash register in the drug store.

The testimony on behalf of the state further tends to show that J. C. Hoover, the man that was killed, and the

defendant were rooming at the time of the alleged robbery at 2½ North Main street; at this rooming house was a woman living in the same room with the defendant by the name of Vivian Shields; that, on the morning following this alleged robbery at night, the defendant in this case and the woman moved from the rooming house at 2½ North Main street to 411½ North Main street, the woman registering in the name of Mathews; the defendant did not register.

The defendant admits he knew Hoover, the man that was killed, but denies he had anything to do with the robbery, and called several witnesses who were rooming at 2½ North Main street to show he was there at different times on the evening of the alleged robbery, and relies on an alibi for his defense in this case; that is, that he was at another and different place at the time of the robbery, knew nothing about it and took no part in the robbery. This is, in substance, the testimony in the case.

In the first assignment of error the defendant alleges the court erred in not granting the defendant's motion for a new trial. This assignment, in our opinion, after carefully reading the record, is all the assignment necessary to be considered in order to arrive at a proper conclusion in this case, as it covers practically all the grounds alleged in the defendant's petition in error.

It is urged by the defendant that the identification by the delivery boy who came into the drug store at the time the robbery was taking place was insufficient to sustain the verdict of the jury. The witness Shelby Crawford positively identified the defendant as being the man that was at the cash register when he came in the drug store; he says he got a good look at the robber and that the defendant is the man, and he recognized the defendant when

he was taken to the jail when defendant was brought into the lobby. Witness Crawford says he could not be mistaken.

The defendant claims he was not present at the time of the robbery, and brought a number of persons from the rooming house where he. had been rooming who testified they had seen the defendant at different times during the evening of the alleged robbery. This court has held that it will not weigh the evidence where there is competent and substantial evidence to sustain the verdict; the question of the weight of the evidence and the credibility of the witness being within the exclusive province of the jury.

It is urged by the defendant that the testimony of the witness Crawford is not sufficiently definite and certain to warrant the jury in finding the defendant guilty, and cites in support of his contention the following cases: Matheny v. State, 37 Okla. Cr. 369, 259 Pac. 175; Tislow v. State, 36 Okla. Cr. 346, 254 Pac. 511. The cases cited by the defendant are not in point in this case, as the testimony of the state positively identifies the defendant as being the man who was robbing the cash register in the drug store at the time the witness Crawford came in. The testimony is conflicting, but the jury passed upon that question, and by its verdict decided the question adversely to the defendant.

In Whitten v. State, 25 Okla. Cr. 447, 221 Pac. 115, this court in the syllabus said:

"Evidence considered, and held sufficient on appeal to sustain the verdict and judgment. In considering the sufficiency of the evidence, the function of this court is limited to ascertain whether there is a basis in the evidence on which the jury could reasonably conclude that accused is guilty as charged."

In Johnson v. State, 22 Okla. Cr. 332, 211 Pac. 425, in the second paragraph of the syllabus, the court said:

"Where there is substantial evidence to show the guilt of the defendant, this court will not weigh the sufficiency of the evidence to sustain a conviction, but will consider the whole evidence to ascertain whether a conviction is founded on substantial evidence."

The question of the sufficiency of the evidence has been before this court many times, and the court has uniformly held that, where there is any competent testimony in the record, though the testimony was conflicting, it would not disturb the verdict on the ground alone of the insufficiency of the evidence. In this case the evidence is sufficient to support the verdict.

There are other errors assigned, but from a careful reading of the record, and the instructions given by the court, the assignments are without merit. The record discloses that the defendant was accorded a fair and impartial trial; that the court substantially and correctly stated the law applicable to the facts in this case.

Finding no prejudicial or fundamental errors in the record, the judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.