ELMER J. BLACK v. CITY OF PAWHUSKA.

No. A-7174. Opinion Filed March 29, 1930.
(287 Pac. 737.)

Elmer J. Black, for plaintiff in error.

A. B. Campbell, for defendant in error City of Pawhuska.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted in the county court of Osage county on an appeal from the police court of the city of Pawhuska, and was sentenced to pay a fine of $3 and costs, and has appealed to this court.

The testimony on behalf of the city tends to show that in the city of Pawhuska there are streets known as Eleventh and Kihekah, and on the day of the alleged offense the defendant was driving his car west on Eleventh street, and failed to stop at the stop sign and ran his car on across to the intersection at the top of Grandview, where he stopped

in the street, a police officer motioned to him and he drove on across the street.

The testimony further tends to show that this stop was only indicated by a stop line and the word "stop," but that most of the intersections in the city have a white line across with the word "stop" at the end of the sign; some of the streets in the city have a white line across with the word "stop" at the end of the sign; that hte stop signal at this place where the defendant is alleged to have run the stop sign was a white line with an arrow, with the word "stop" at the end of the arrow. The police officer said the first time the defendant stopped in the middle of the intersection, right at the top of the hill between the intersection of Eleventh street and Grandview, but he motioned for him to go on across and stop, and he did.

The testimony further tends to show on behalf of the city that the officer watched the defendant while he was driving to the police station, and that his brakes worked all right.

The defendant testified in his own behalf, and stated, in substance, that he had been driving his car the morning of the alleged offense, and that he had had trouble with it, and in Sedan, Kan., he had to have the rear end taken off and a new gear put in; that he drove home and went down to the schoolhouse to get his son, and did not find him there, and started back down Eleventh street, and drove up in the regular way, and when he applied his brake as he approached the stop sign in the street, the brakes would not hold the car because of the grease that had worked into the brake, and he crawled down there and stopped when about six or eight feet below the stop sign; that a lady was coming up the hill at a very rapid rate of speed, and he was afraid she was going to hit him, and realized

his brakes were not working right, and let his car go on across the street out of the way.

The testimony of the defendant shows that he had no desire to violate the city ordinance, and that he tried to stop, but, owing to the oil in his brakes from the repair on his car, the brakes did not hold as he expected them to, and he went on into the middle of the street, and he let his car go on across the street to avoid a collision with the party driving on the cross-street. Defendant shows by the mechanic who examined his car within two hours after the alleged offense that the oil and grease had gotten on his brakes, and they would not hold as they should have done. This is in substance the testimony.

The defendant has assigned several errors, but the only assignment we deem necessary to consider is assignment 5, which is as follows: "That the verdict and judgment is contrary to the law and the evidence."

It is urged by the defendant that the evidence is insufficient to sustain a conviction. Under our procedure criminal, section 2754, subdivision 6, C. O. S. 1921, a new trial should be granted when the verdict is contrary to the law or the evidence. In this case a jury was waived, and the case tried to the court. Under section 2754, supra, the responsibility to determine whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to render it safe to allow a verdict to stand is imposed on the trial court in the first instance, and on appeal upon this court. The performance of this duty at this time on the part of the court is to exercise legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence to which every one is entitled who is put upon trial for an offense. McCoy v. State, 45 Okla. Cr. 311, 283 Pac. 257, and cases therein cited.

26

After a careful consideration of the evidence on behalf of the city and the statements of the defendant, we hold that the testimony on behalf of the city is insufficient to show an intent on the part of the defendant to violate the city ordinance, and is wholly insufficient to overcome the presumption of innocence and to sustain a conviction. The defendant's testimony tends to show that he did all he could to observe the ordinance by stopping his car at the stop line, but was unable to do so.

The judgment is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.