## LELA MURRY v. STATE.

No. A-7347.   Opinion Filed Oct. 18, 1930.
(292 Pac. 389.)

J. Hugh Nolen and S. A. Horton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, for convenience referred to as the defendant, was convicted of manslaughter in the second degree, and sentenced to serve a term of two years in the penitentiary. From which sentence and judgment the defendant has appealed.

The charge against the defendant is that:

"She did knowingly, willfully, wrongfully, unlawfully and feloniously, without authority of law, and with a premeditated design to effect the death of one C. P. Mitchell, Jr.," and while the said C. P. Mitchell was engaged in a lawful act of driving a car on a public highway in Ok-

fuskee county known as State Highway No. 9, and while she, Lela Murry was driving an automobile at a reckless and unusual rate of speed along the said highway No. 9 in Okfuskee county, Okla., strike, collide, run into, upon and against the car being driven by the said C. P. Mitchell, Jr., "resulting in inflicting upon the body of him, the said C. P. Mitchell, Jr., certain mortal wounds, of which mortal wounds the said C. P. Mitchell, Jr., did on the 27th day of February, 1928, die, as was intended by her, the said Lela Murry, he should do, with the unlawful intent then and there on the part of her the said Lela Murry to kill and murder the said C. P. Mitchell, Jr., contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The substance of the testimony in support of the allegations in the foregoing information is as follows: O. B. Burris testified he lived near where the accident occurred, but did not see either of the cars while they were moving; he saw the cars after the accident, but did not see the defendant, and that he had no information as to how the accident occurred.

Roosevelt Micawber testified he was passing the place where the accident occurred and saw the car that had been injured and a doctor was called, but he did not see the defendant, and knew nothing about how the accident occurred.

Dr. J. L. Moise testified that in his judgment Ed Mitchell died as a result of the collision, and that was the substance of his testimony.

Dr. C. L. Bloss testified as to the injuries of the deceased Mitchell.

Frank Beaty testified as to the position of the cars after the accident, and in substance stated the car supposed to have been driven by the defendant was on the

432

wrong side of the road; he did not see the accident and had not seen either car before the accident, and had no information as to how the accident occurred.

P. B. Burris testified he saw the car after the accident occurred; he did not see the accident and did not see the defendant; he had no information as to how the accident occurred.

Carson Burris stated there was an accident; he saw the cars after the accident; he did not see the cars when they were moving.

Cecil Johnson stated he was at the scene of the accident after it occurred; did not see the defendant, and did not see the cars while they were moving.

Bedford Penick testified he picked up the wrecked car and described the injury to the car; he knew nothing about the accident or how it occurred.

Frank Burris testified that the cars were on the north side of the road; he did not see the accident, and knew nothing about how it occurred, or who was driving the cars.

Grover Fink, a constable, testified as to the condition of the cars; he did not see the cars before the collision, and knew nothing about how the accident occurred.

Oscar Arnold testified he saw some tracks around the cars after the collision, but did not see the cars until after the accident.

Carl Moline testified, in substance, about the same as Oscar Arnold. Some of the witnesses for the state testified that, while they were at the scene of the accident, some other parties, whom it was claimed were riding in one of the cars with the defendant in this case, were

rubbing their feet back and forth on the ground apparently to cover up or erase the tracks of the cars in the road; one witness testified as to one of the parties moving some glass toward the center of the road and rubbing his foot over it; this testimony of some one moving the glass, apparently trying to cover up the tracks of the car, took place in the absence of the defendant, and the testimony fails to show that the defendant had any knowledge of the actions of those parties at the scene of the accident.

No witness for the state testified as to what caused the accident or the rate of speed the cars were traveling at the time they run together. There is no testimony in the record to show that the defendant was driving the car, except what might be termed an extra-judicial confession wherein Eugene N. Catlett, the county attorney, testified that, in a conversation with the defendant, she told him she was driving the car at the time the accident occurred. There is other testimony that in the break of the steering wheel there was some fur which seemed to be the same kind of fur that was on the coat the defendant was afterwards wearing.

No testimony was introduced by the defendant.

The defendant first argues that the information was wholly insufficient to sustain a conviction of manslaughter in the second degree, or any other known offense under the criminal law of Oklahoma. No demurrer was filed to the information by the defendant, nor does the record show the defendant filed any motion to exclude the evidence on the ground that the information did not charge an offense. No motion in arrest of judgment was filed. The sufficiency of an information cannot be raised on appeal unless some foundation was laid therefor be-

fore final judgment was rendered, and, where the record shows that no demurrer was interposed and no motion in arrest of judgment filed after verdict, and no objection or question raised as to the sufficiency of the information in the trial court, the defects, if any, were in effect waived. McGaugh v. State, 12 Okla. Cr. 96, 152 Pac. 140; Love v. State, 12 Okla. Cr. 1, 150 Pac. 913.

No question having been raised by the defendant in the trial court as to the sufficiency of the information, and the information stating facts sufficient to advise the defendant of the charge against her, there is nothing for this court to consider.

The next and only contention argued by the defendant is the sufficiency of the evidence to sustain a conviction of manslaughter in the second degree. The state introduced no proof as to who was responsible for the collision. It occurred on the 27th day of February, 1928, about daylight, and, as shown by the testimony, the accident occurred on the brow of a little hill, the road sloping in both directions from where the accident occurred. The testimony of the state tends to show that the tracks of the cars where they came together were on the north side of the road; that the car the deceased was riding in was a light Ford, and was going west; the car in which it is alleged the defendant was driving was going east, the road at that point running east and west. The contention of the state is that, because the tracks of the cars indicate that the collision occurred on the north side of the road, that is sufficient under our law to sustain the allegations in the information that the accident occurred while the defendant was driving an automobile at a reckless and unusual rate of speed along said Highway No. 9, in Okfuskee county.

Section 1, c. 76, p. 115, of the Session Laws 1927, amended section 10164, C. O. S. 1921. Rule 1 of that section is as follows:

"Vehicles in meeting each other shall keep to the right of the center of the road."

It is argued by the state that the circumstantial evidence is sufficient to sustain a conviction, and that it tends to show that the defendant, if she was driving the car that collided with the car of deceased, was on the right-hand side of the road as she was going east, and for that reason the defendant is guilty as charged in the information.

The allegations in the information allege that the defendant was driving at a reckless and unusual rate of speed along the said highway; there is no allegation in the information that at the time the accident occurred the defendant was violating a statute requiring that, when one automobile meets another, it must drive to the right of the center of the road; nor is there any proof to sustain the allegations in the information that at the time the accident occurred the car that collided with the car in which the deceased was riding was being driven at a reckless and unusual rate of speed upon the highway; nor does the testimony of the state, giving it the most liberal construction that can be placed upon it, show what rate of speed either of the cars was being driven at the time the accident occurred. The testimony of the state is that the accident occurred on a gravel road at the brow of a a hill, at an early hour in the morning, and that the two cars came together with such force that the deceased was injured, from which injury he died. It is claimed by the state that the defendant was driving at the time of the accident, and there were three others in the car with

her. Neither of these parties claimed to have been riding with the defendant was called to testify, the state relying upon the circumstances to establish the allegations in the information.

This court in Matheny v. State, 37 Okla. Cr. 369, 259 Pac. 175, 176, in the body of the opinion, said:

"Under our Procedure Criminal (section 2754, subd. 6, C. S. 1921) a new trial shall be granted 'when the verdict is contrary to law or evidence.' Under this provision, the responsibility of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to render it safe to allow the verdict to stand is imposed upon the trial court in the first instance, and on appeal upon this court."

In Tislow v. State, 36 Okla. Cr. 346, 254 Pac. 511, in the first paragraph of the syllabus, the court said:

"While it is well settled that this court will not disturb a verdict on account of the evidence where there is evidence to support it, the converse rule is equally well settled that it is not only the province but the duty of the court to set aside such a verdict when it is contrary to the evidence, or where there is no evidence to support it."

In Cummins v. State, 6 Okla. Cr. 180, 117 Pac. 1099, the second paragraph of the syllabus is as follows:

"When in the trial of a criminal cause there is no proof produced which tends reasonably to sustain the charge, it is the duty of the court to advise the jury to return a verdict in favor of the accused."

In Benson v. State, 10 Okla. Cr. 16, 133 Pac. 271, the first paragraph of the syllabus is as follows:

"While it is well settled that this court will not disturb the verdict on account of the evidence, when there is evidence to support it, the converse rule is equally well settled that it is not only the province, but the duty, of

the court to set aside such a verdict, when it is contrary to the evidence, or where there is no evidence to support it. The performance of this duty on the part of the court is the exercise of legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence, to which every one is entitled who is put upon his trial for an offense."

In this case the proof on the part of the state is proof only that the deceased died from the effects of the injury received by the two cars coming together. There is no testimony sufficient to sustain the allegations in the information that the defendant was driving the car at a reckless and unusual rate of speed. The statement of the parties who viewed the scene of the accident alone are not sufficient to establish the allegations in the information.

At the close of the state's testimony the defendant requested the court to advise the jury to return a verdict of not guilty, for the reason that the testimony was insufficient to sustain a conviction. After a careful consideration and study of the evidence, we are of the opinion, as a matter of law, the testimony is insufficient to warrant the submission of the case to the jury, and the defendant's request to the court to advise the jury to return a verdict of not guilty should have been granted. It follows that the judgment should be, and the same is hereby, reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.