## BEN AXTON v. STATE.

No. A-8796. March 15, 1935.

(42 Pac. [2d] 285.)

Arney & Barker, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of having in his possession and under his control one complete copper still and condenser, and sentenced to pay a fine of $50 and serve 30 days in jail.

The evidence of the state shows that on property controlled by the defendant, about a half mile from his home in a cavern or creek bed, a still fully equipped was found. Some tracks in or near the place where the still was found

led out toward the defendant's home; a wagon track found somewhere in the timber the state claims was the same size tread of the wagon used by the defendant.

The defendant denied any connection with the still, ownership of, possession, or control. Many of his neighbors testified in his behalf, and described the country around and near where the still was found, and gave testimony as to the defendant's good reputation in the community.

Several errors have been assigned by the defendant and argued in his brief as grounds for reversal. The only error it is deemed necessary to consider is the question of the sufficiency of the evidence to sustain the verdict and judgment. This court has many times held that where there was any competent testimony to sustain the conviction it would not disturb the verdict. On the other hand, it has often held where there was no competent testimony to sustain a conviction the court would reverse on the ground of insufficient evidence. White v. State, 13 Okla. Cr. 76, 162 Pac. 232; Jefferson v. State, 31 Okla. Cr. 44, 236 Pac. 914.

The defendant is charged with the possession of a still. There is no evidence in the record to show that the defendant owned, controlled, was in possession of, or had anything to do with the still found by the officers. Each of the witnesses stated they did not see the defendant at or near the still, or exercising any ownership or possession over the same, and that it was found about a half mile from the defendant's home in a canyon or the bed of a creek on lands that the defendant controlled.

The evidence is circumstantial. It raises a strong suspicion of defendant's guilt, but falls far short of ex-

cluding every other reasonable hypothesis than the guilt of the defendant. Sharer v. State, 44 Okla. Cr. 252, 280 Pac. 629.

It is the duty of this court, where there is an entire failure of evidence, to set aside the verdict and judgment of conviction.

In Blackwell v. State, 48 Okla. Cr. 156, 290 Pac. 352, this court said:

"The evidence must be such that the jury may reasonably and logically find the guilt of the defendant, and, where it raises no more than a suspicion of guilt, it is insufficient." La Grone v. State, 32 Okla. Cr. 45, 239 Pac. 938; Tipton v. State, 38 Okla. Cr. 74, 258 Pac. 1053; Lunsford v. State, 38 Okla Cr. 233, 260 Pac. 514, 515.

In Key v. State, 22 Okla. Cr. 284, 210 Pac. 1044, this court said:

"Where, in a criminal case, circumstantial evidence is entirely relied upon for conviction, the facts and circumstances must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence. It is the duty of the trial court in a criminal case, where it deems the evidence insufficient to warrant a conviction, to advise the jury to acquit."

The evidence is insufficient to sustain the verdict and judgment. The case is reversed and remanded.

DOYLE, J., concurs. EDWARDS, J., not participating.