## M. T. BATES v. STATE.

No. A-8811.   March 29, 1935.
(42 Pac. [2d] 904.)

Harry C. Hicks, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information

charged jointly with Pete Cunningham, tried separately, convicted of selling intoxicating liquor to a minor, and sentenced to pay a fine of $50 and to serve 30 days in jail.

The evidence of the state in substance is that a football game was in progress at Hollis, Harmon county, Okla.; Jay Day, Jr., Cash Moore, and Dale Hunter were together at the football game and decided to get some whisky; together they raised $1 and turned it over to some one; later, while on the line where the football game was in progress, some one came and nudged Cash Moore and they walked out in the dark and a party handed to Cash a bottle containing whisky. No one else was present at the time; the other boys were about 100 yards away from where this whisky was delivered.

The defendant, testifying in his own behalf, states positively that he was at the ball game the evening mentioned, but he did not remember having seen Cash Moore or the Hunter boy; he saw Pete Cunningham, but Cunningham did not give him any money for whisky; that he did not have any whisky with him, and did not deliver whisky to either of the boys.

The witness Cash Moore states he did not know who delivered him the pint of whisky, and did not remember seeing the defendant the evening of the alleged offense.

The officer testified he saw the minors named give some money to a man by the name of Cunningham; that he saw Cunningham talk to the defendant, but did not see Cunningham give the defendant any money; later on he saw Bates nudge Cash Moore and take him out of the crowd, by some cars; that defendant had something in his hand and Moore took it. If this testimony is true it tends to show that the defendant was guilty of transporting whisky, or having whisky in his possession, but it does

not establish the fact of a sale with that definite certainty that is required under the law to sustain a conviction.

The defendant insists that the court erred in refusing to direct the jury to return a verdict for him. It will be noted from the record that the defendant was charged with selling intoxicating liquor to Jay Day, Jr., Cash Moore, and Dale Hunter, minors. There is no testimony in the record showing that the defendant sold any whisky to the minors named, nor is there any testimony in the record tending to show that he sold any whisky to either of the minors.

Upon a careful consideration of the evidence, we are constrained to hold that it is not sufficient to sustain a verdict of guilty of selling intoxicating liquor to Cash Moore. When we recall the presumption that the law always indulges as to the innocence of the accused of crime, and the necessity to establish the guilt of the defendant beyond a reasonable doubt, we think it would be a subversion of this rule to allow the conviction to stand. The defendant, as a witness, met the charge with a positive denial of selling whisky to either of the minors mentioned in the information. Benson v. State, 10 Okla. Cr. 16, 133 Pac. 271; Matheny v. State, 37 Okla. Cr. 369, 259 Pac. 175; Tipton v. State, 38 Okla. Cr. 74, 258 Pac. 1053.

On a consideration of the evidence we are of the opinion as a matter of law it was not sufficient to warrant a submission of the case to the jury as to the sale of intoxicating liquor. It follows that the judgment should be reversed, and the same is hereby reversed.

DOYLE, J., concurs. EDWARDS, J., not participating.