DALTON CARDEN v. STATE.

No. A-9196.    July 16, 1937.

(70 Pac. 2d 1109.)

Louie C. Gossett, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with selling intoxicating liquor, on the 1st day of February, 1936, to Raymond Logan, a minor; was convicted and sentenced to serve a term of one year and one day in the state penitentiary, from which judgment and sentence the defendant has appealed.

Raymond Logan testified that on the evening of the 1st day of February, 1936, he went to the home of the defendant, and bought four pints of whisky. He says he had $1, and before he started to the defendant's home to buy the whisky a younger brother gave him 50 cents, making a total of $1.50 in money at the time; that he was to pay $2 for the four pints of whisky, but does not state when or how he was to pay the other 50 cents.

The younger brother testified he gave his brother the 50 cents and he went away to buy the whisky, going in the direction of the home of the defendant, who lived quite a distance from the little town of Albion, Okla.; his brother returned with the whisky, but he does not state where his brother got the whisky from, but that he had four pints of whisky. Raymond Logan is the only witness for the state who makes the statement of the purchase of the whisky from the defendant.

In the trial, as shown by the record, the Logan boys had been charged with some infraction of the law and had gotten into jail. The amount of whisky claimed to have been purchased by the prosecuting witness is unusual, it seldom appears that a young person or one with limited means, when he goes to buy whisky, buys as much as four pints at a time, and especially is it true when he

does not have the money with which to pay the full purchase price, and, where the testimony fails to show what arrangement was made for the balance to be paid, a suspicion is cast on the testimony of the witness.

The defendant in his testimony denies he sold to the prosecuting witness any quantity of whisky on February 1, 1936, and specifically denies he was at home the evening of February 1, 1936. He testifies he went to the city of Talihina to see about making application for his baby bonds, and discovered that he did not have his number, spoken of as a dog tag; that it was at his brother's home in Poteau; that he returned to Albion about 4:30 in the afternoon, but left with Lancy Smith, in Smith's car, and drove to Poteau.

The defendant shows by George Cooper, who was operating a filling station at Albion, that some time in the afternoon the defendant came to his filling station with some one in a car and bought eight gallons of gas and a quart of oil. The witness Cooper introduced his ledger and sales sheet kept by him showing the date was February 1, 1936, and states to the best of his recollection it was about 5 o'clock in the afternoon.

The testimony of the defendant further shows that he and Lancy Smith drove to the home of his brother, Raymond Carden, in Poteau, reaching there about 6, or shortly thereafter, in the evening of February 1, 1936; they ate supper at his brother's home and he and Lancy Smith remained at his brother's until about 11:30 or 12 o'clock, and then drove back to Albion, reaching there about 1 or 2 o'clock a. m. the morning of February 2, 1936.

In this statement the defendant is corroborated by Lancy Smith and Raymond Carden.

It is not deemed necessary to set out in detail the testimony in full, as the foregoing gives the substance of all the testimony introduced at the trial.

The defendant has assigned six errors alleged to have been committed by the trial court. The second assignment is:

"Error of the court in overruling plaintiff in error's motion for a new trial.

"6. That the verdict as returned by the jury herein is contrary to the law, contrary to the evidence, and contrary to the substantial rights and constitutional liberty guaranteed to every citizen by the Constitution and statutes of Oklahoma."

The only question under the assignment of errors and the record that the court deems necessary to consider is the question as to whether or not the evidence is sufficient to sustain the conviction and judgment applying the law to the facts in the case. The circumstances surrounding and leading up to the trial of the case, and the testimony of the prosecuting witness, are such that it leaves a doubt in the minds of the court as to whether or not the prosecuting witness stated facts sufficient to overcome the positive testimony of the defendant and the other witnesses testifying for him as to where he was from 5 o'clock in the afternoon of February 1, 1936, up to 12 or 1 o'clock that night; the defendant not only by his own evidence, and the evidence of other parties, but by the records of the witness George Cooper, shows conclusively that about 5 o'clock in the afternoon he purchased eight gallons of gas and one quart of oil, and left with some one in a car going in the direction of Poteau.

The testimony shows they arrived in Poteau about 6 o'clock in the afternoon, making it impossible, if the

evidence of the defendant is true, for the defendant to have been in Albion about dark or a little after, as testified by the prosecuting witness, to sell him the four pints of whisky that the witness testified he bought from the defendant.

In all criminal cases the defendant is entitled to the presumption of innocence, and it follows him throughout the trial until overcome by competent testimony showing beyond a reasonable doubt his guilt.

Section 3064, O. S. 1931 (22 Okla. St. Ann. § 836), is as follows:

"A defendant in a criminal action is presumed to be innocent until the contrary is proved and in a case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted."

Under our criminal procedure a new trial should be granted when the verdict is contrary to law and the evidence. Under this provision the responsibility of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to render it safe to allow the verdict to stand is imposed upon the trial court in the first instance, and on appeal upon this court. The performance of this duty on the part of the court is the exercise of legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence to which every one is entitled when put upon trial for an offense. Benson v. State, 10 Okla. Cr. 16, 133 Pac. 271; White et al. v. State, 13 Okla. Cr. 76, 162 Pac. 232; Matheny v. State, 37 Okla. Cr. 369, 259 Pac. 175.

In Tislow v. State, 36 Okla. Cr. 346, 254 Pac. 511, in the first paragraph of the syllabus, the court said:

"While it is well settled that this court will not disturb a verdict on account of the evidence where there is evidence to support it, the converse rule is equally well settled that it is not only the province but the duty of the court to set aside such a verdict when it is contrary to the evidence, or where there is no evidence to support it." Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 507.

After a careful consideration of all of the testimony offered by the state and the defendant, we are of the opinion as a matter of law the evidence is insufficient to overcome the presumption of the innocence which accompanies the defendant throughout the trial, and the positive testimony of the defendant and the witnesses who corroborate him, that defendant was not in the town of Albion at the time the prosecuting witness claims he bought the whisky from him to warrant a conviction, and the trial court erred in overruling the motion of the defendant for a new trial. Because the evidence is insufficient to sustain the judgment and sentence, the judgment of the trial court is reversed.

DOYLE and BAREFOOT, JJ., concur.